UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEAN BLOOMBURG,

Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,

Defendant.
___________________________________)

**COMPLAINT**

The Plaintiff, Jean Bloomburg ("BLOOMBURG"), by and through the undersigned counsel, hereby sues Aetna Life Insurance Company ("AETNA") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. BLOOMBURG was at all times relevant a plan participant under the Employers Mutual Casualty Company, Group No: GP-473273 ("LTD" Plan).

3. Defendant, AETNA, is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Southern District of Florida. AETNA is the insurer of benefits under the Employers Mutual Casualty Company LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, AETNA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The AETNA LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Employers Mutual Casualty Company under which BLOOMBURG was a participant, and pursuant to which BLOOMBURG is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, BLOOMBURG is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as BLOOMBURG remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, AETNA, is authorized to and is doing business within the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. BLOOMBURG incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, BLOOMBURG was an employee or former

employee of Employers Mutual Casualty Company and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of BLOOMBURG's employment, BLOOMBURG became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while BLOOMBURG was covered under the LTD Plan, BLOOMBURG suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, BLOOMBURG made a claim to AETNA for benefits under the LTD Plan with an effective date of long term disability coverage following the elimination period of 180 days.

10. The LTD Plan defines Disability to mean, From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that: (1) you cannot perform the material duties of your own occupation solely because of an illness, injury or disability pregnancy-related condition; and (2) Your earnings are 80% or less of your adjusted predisability earnings. After the first 24 months of your disability that monthly benefits are payable, your meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

11. AETNA paid LTD benefits from June 9, 2014 through September 9, 2014 and then terminated BLOOMBURG's claim for LTD benefits as of September 10, 2014.

12. BLOOMBURG properly and timely appealed AETNA's adverse determination which was upheld by Aetna in a letter dated June 8, 2015.

13. BLOOMBURG has exhausted all administrative remedies.

14. AETNA breached the LTD Plan and violated ERISA in the following respects:

a. Failing to pay LTD benefits to BLOOMBURG at a time when AETNA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as BLOOMBURG was disabled and unable to work and therefore entitled to benefits.

b. After BLOOMBURG's claim was denied in whole or in part, AETNA failed to adequately describe to BLOOMBURG any additional material or information necessary for BLOOMBURG to perfect her claim along with an explanation of why such material is or was necessary.

c. AETNA failed to properly and adequately investigate the merits of BLOOMBURG's disability claim and failed to provide a full and fair review of BLOOMBURG's claim.

15. BLOOMBURG believes and alleges that AETNA wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which BLOOMBURG is presently unaware, but which may be discovered in this future litigation and which BLOOMBURG will immediately make AETNA aware of once said acts or omissions are discovered by BLOOMBURG.

16. As a proximate result of the aforementioned wrongful conduct of AETNA under the LTD Plan, BLOOMBURG has damages for loss of disability benefits in a total sum to be shown at the time of trial.

17. As a further direct and proximate result of this improper determination regarding BLOOMBURG's claims for benefits, BLOOMBURG, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1),

BLOOMBURG is entitled to have such fees and costs paid by AETNA.

18. The wrongful conduct of AETNA has created uncertainty where none should exist; therefore, BLOOMBURG is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Tamara BLOOMBURG prays for relief against the Aetna Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 24, 2017

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*/s/ Rachel Alters*
RACHEL ALTERS, ESQUIRE
Florida Bar No.: 106232
Email: rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com